# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>           Plaintiff,<br><br>   v.<br><br>CALDERON, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:05-CV-01248-OWW-LJO-P<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. 10)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT IN COMPLIANCE WITH THE MAGISTRATE JUDGE'S ORDER WITHIN THIRTY DAYS<br><br>(Doc. 8) |

      Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 30, 2005. (Doc. 1.) On May 17, 2006, pursuant to 28 U.S.C. § 1915A, the Magistrate Judge issued an order finding that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983 for use of excessive force and directing plaintiff to file an amended complaint curing the deficiencies identified in the order. (Doc. 8.) On June 13, 2006, plaintiff filed a motion for reconsideration. (Doc. 10.)

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ.

///

1 P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not
2 more than one year after the judgment, order, or proceeding was entered or taken." Id.

3       Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
4 Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
5 (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
6 the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
7 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
8 Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit
9 has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
10 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)
11 (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is
12 reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local
13 Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
14 which did not exist or were not shown upon such prior motion, or what other grounds exist for the
15 motion."

16       In his motion, plaintiff contends that the Magistrate Judge erred by finding that plaintiff
17 failed to state a claim and argues that plaintiff's exposure to pepper spray by defendants may support
18 a claim for relief under section 1983. Plaintiff's interpretation of the Magistrate Judge's order
19 appears to be overly broad. Although the Magistrate Judge noted that plaintiff was not sprayed
20 directly, the Magistrate Judge did not find that plaintiff could not proceed as a matter of law on an
21 excessive force claim based on the use of pepper spray against inmates other than plaintiff. Rather,
22 the Magistrate Judge found that the allegations set forth in plaintiff's complaint fell short of stating
23 a claim and the Magistrate Judge provided plaintiff with the opportunity to file an amended
24 complaint setting forth additional facts. Further, the Magistrate Judge noted that if plaintiff is
25 attempting to pursue any claims for relief other than excessive force and negligence, plaintiff may
26 clarify those claims in an amended complaint. For example, plaintiff touches upon the physical
27 ///
28 ///

effects of the pepper spray and alleges that his medical needs have been ignored, but does not state sufficient facts to support a claim.[1]  (Comp., ¶20.)

Exposure to pepper spray directed at other inmates other than a plaintiff may support a claim for violation of the Eighth Amendment.  See Clement v. Gomez, 298 F.3d 898, 903-06 (9th Cir. 2002) (officers entitled to qualified immunity on excessive force claim, but not on claim of deliberate indifference to medical needs); see also Robins v. Meecham, 60 F.3d 1436 (9th Cir. 1995). However, an excessive force claim must be based on allegations which would support a claim that the force in question was malicious and sadistic, not merely objectively unreasonable.  Id. at 903. Although the federal system is one of notice pleading, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).  Plaintiff may proceed on an excessive force claim against the named defendants if he alleges facts which would support the claim that defendants acted maliciously and sadistically when they used the pepper spray and that plaintiff was affected during those incidents. The Court has reviewed plaintiff's complaint and it contains many general allegations about conditions and the behavior of correctional officers.  Section 1983 requires that plaintiff allege a link between actions or omissions of each named defendant and the violation of plaintiff's rights.  It appears to the Court that plaintiff will have little difficulty correcting these deficiencies in an amended complaint and will be permitted to proceed with this action.

In conclusion, the Magistrate Judge did not preclude plaintiff from proceeding under section 1983 based on a claim that his rights were violated by exposure to pepper spray.  Rather, the Magistrate Judge directed plaintiff to file an amended complaint setting forth some additional facts, presumably to support a claim that named defendants were using force which was sadistic and malicious and that it was during these incidents of force that plaintiff was affected by the pepper spray.  The Court finds the Magistrate Judge did not err.  Plaintiff has thirty days within which to

---

[1] Plaintiff's allegations are too conclusory to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment arising from inadequate medical care.  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  Further, plaintiff has not linked any named defendants to the failure to provide him with medical care.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

comply with the Magistrate Judge's order of May 17, 2006.  If plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order.  No further motions for reconsideration and/or clarification on this issue will be considered.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed June 13, 2006, is DENIED, with prejudice;
2. Within **thirty (30) days** from the date of service of this order, plaintiff shall comply with the Magistrate Judge's order of May 17, 2006;
3. If plaintiff fails to comply with this order, this action shall be dismissed for failure to obey a court order; and
4. No further motions for reconsideration and/or clarification on this issue will be considered.

IT IS SO ORDERED.

**Dated:   June 24, 2006**                                        /s/ Oliver W. Wanger
emm0d6                                                                  UNITED STATES DISTRICT JUDGE