# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALDERON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:05-cv-01248-OWW-LJO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND<br><br>(Doc. 15)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SCAN THE LODGED PROPOSED SECOND AMENDED COMPLAINT IN ITS ENTIRETY TO MAKE THE RECORD COMPLETE<br><br>(Doc. 16)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SEQUENTIAL FEE COLLECTION<br><br>(Doc. 17) |

I.    <u>Order</u>

        A.    <u>Motion to Amend</u>

Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2006, plaintiff filed an amended complaint. On October 26, 2006, plaintiff filed a motion seeking leave to amend and a proposed second amended complaint.

    The court has reviewed plaintiff's motion and the court can discern no basis for the need to amend. Plaintiff asserts that he is requesting leave to amend "making corrections. 1. All and additional paragraphs of the parties, all and additional paragraphs of the allegations, all and

1  additional paragraphs of the claims for relief, and all and additional paragraphs of the relief
2  requested, are amended to reflect the events." (Doc. 15.) The court is at a loss as to why plaintiff
3  is seeking leave to amend. Further, the court has compared the proposed second amended complaint
4  with the first amended complaint and the complaints appear to be identical. To the extent that there
5  is any difference at all between the complaints, the difference is so subtle that is has eluded the court.
6  Because plaintiff's proposed second amended complaint is identical to his first amended complaint
7  and his motion seeking leave to amend sheds no light on the reason plaintiff is attempting to amend,
8  the motion is denied.

        B.      Motion for Sequential Collection of Filing Fee

On December 15, 2006, plaintiff filed a motion seeking relief from being assessed any additional fees for this action, entitled "Motion for Sequential Fee Collection." Plaintiff asserts that the California Department of Corrections and Rehabilitation assesses a fee of 20% of an inmate's monthly income for each case filed, so if an inmate files five cases, the fee assessments equal 100% of his monthly income.[1]

CDCR is merely following statutory mandate. If a prisoner is granted leave to proceed in forma pauperis, the prisoner is "required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). This court cannot and will not relieve plaintiff of an obligation that is mandated by law. The court notes that United States Court of Appeals for the Ninth Circuit has held that the filing fee provisions of section 1915 do not violate inmates' right of access to the courts or their right to equal protection of the laws. Taylor v. Delatoore, 281 F.3d 844, 851 (9th Cir. 2002). The court further notes that to the extent plaintiff wishes to raise a challenge on different constitutional grounds, he must do so in a new lawsuit and may not do so in this suit. Plaintiff's motion is denied.

///
///
///

---

[1] The court takes judicial notice of the fact that plaintiff has filed eleven civil actions in this district, thus subjecting him to the collection of filing fees in multiple actions.

C. <u>Conclusion</u>

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed October 26, 2006, is DENIED;

2. The Clerk's Office shall scan plaintiff's lodged second amended complaint so that the court's record is complete; and

3. Plaintiff's motion for sequential fee collection, filed December 15, 2006, is DENIED.

IT IS SO ORDERED.

**Dated:   February 14, 2007**          /s/ Lawrence J. O'Neill
b9ed48                               UNITED STATES DISTRICT JUDGE