# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HENDON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALDERON, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-01248-OWW-LJO PC<br><br>ORDER DISMISSING DUE PROCESS CLAIM WITH PREJUDICE, AND FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE AS TO REMAINING CLAIMS<br><br>(Doc. 12)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF SERVICE DOCUMENTS FOR COMPLETION AND RETURN BY PLAINTIFF WITHIN THIRTY DAYS |

I.　Screening Order

　　A.　Procedural History

Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 30, 2005. On May 17, 2006, the undersigned dismissed plaintiff's complaint, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983. After plaintiff's motion for reconsideration by was denied by the Honorable Oliver W. Wanger on June 27, 2006, plaintiff filed an amended complaint on July 11, 2006.

　　B.　Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

    C.    Plaintiff's Claims

        1.    Summary of Plaintiff's Amended Complaint

Plaintiff is an inmate housed at California State Prison-Sacramento. The events at issue in this action occurred while plaintiff was housed at the California Correctional Institution in Tehachapi. In his amended complaint, plaintiff alleges that he was repeatedly subjected to the vapors

from pepper spray directed at other inmates. Plaintiff alleges that the fumes caused his eyes, face, and skin to burn, blurry vision, coughing, gagging, and difficulty in breathing and opening his eyes. Plaintiff alleges that he suffered pain, disorientation, and severe acne, as well as a scarred face from scratching due to the effects of the pepper spray. Plaintiff alleges that the use of pepper spray was common and often unnecessary. Plaintiff alleges that defendants Duran, Reed, Jordan, and Bowan were the officers who used the pepper spray in plaintiff's unit.

Plaintiff alleges that defendant Calderon, the warden, was aware of defendants' actions but failed to intervene and failed to institute adequate prison policies to minimize the effects of the pepper spray on inmates who were bystanders. Plaintiff alleges claims for violation of the Eighth Amendment and state tort law, and for denial of due process stemming from defendant Calderon's failure to investigate the grievances filed by plaintiff and other inmates. Plaintiff is seeking money damages and a jury trial.

2.   Eighth Amendment Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint

3

is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). With respect to excessive force, "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.

With respect to medical care, a prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Under federal notice pleading standards, plaintiff's allegations are sufficient to state claims against all named defendants for allegedly violating the Eighth Amendment, arising from the use of pepper spray and the failure to provide adequate medical attention to plaintiff during incidents in which he was affected by the vapors. Fed. R. Civ. P. 8(a).

    3.    State Law Claims

Plaintiff alleges claims for relief under California law for negligence, and assault and battery. "To establish negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury."

4

1  Hair v. State, 2 Cal. Rptr. 2nd 871, 875 (Cal. Ct. App. 1991) (citations omitted). "An assault is an
2  unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another"
3  and "[a] battery is any willful and unlawful use of force or violence upon the person of another."
4  Cal. Penal Code § 240, 242 (West 2006); 5 B. E. Witkin, Summary of California Law, Torts § 346
5  (9th ed. 1988).

6        Under federal notice pleading standards, plaintiff's allegations are sufficient to state claims
7  for negligence, and assault and battery.  Fed. R. Civ. P. 8(a).

8        4.    Due Process Claim

9        "[A prison] grievance procedure is a procedural right only, it does not confer any substantive
10 right upon the inmates."  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v.
11 DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th
12 Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance
13 procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure
14 confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions
15 in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983
16 action.  Buckley, 997 F.2d at 495.

17       Plaintiff's due process claim, which arises from defendant Calderon's alleged failure to act
18 on his grievances, fails as a matter of law and shall be dismissed from this action, with prejudice.

19       D.    Conclusion

20       The court finds that plaintiff's amended complaint contains cognizable claims for relief under
21 section 1983 against defendants Calderon, Duran, Bowan, Jordan, and Reed for violation of the
22 Eighth Amendment, and under California law for negligence, and assault and battery.  However,
23 plaintiff's due process claim is not cognizable under section 1983.  Because the deficiencies are not
24 curable, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), the claim shall be dismissed with
25 prejudice.  Plaintiff's amended complaint shall be served as to the other claims.

26       Based on the foregoing, it is HEREBY ORDERED that:
27       1.    Plaintiff' due process claim is dismissed, with prejudice, for failure to state a claim
28           upon which relief may be granted;

2. Service is appropriate for the following defendants:

> WARDEN CALDERON
>
> C/O R. DURAN
>
> C/O BOWAN
>
> C/O JORDAN
>
> C/O REED

3. The Clerk of the Court shall send plaintiff five (5) USM-285 forms, five (5) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed July 11, 2006.

4. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed above; and

   c. Six (6) copies of the endorsed amended complaint filed July 11, 2006.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   February 14, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES DISTRICT JUDGE

6