# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOS HENDON,

               Plaintiff,

  v.

CALDERON, et al.,

               Defendants.

_____ /

CASE NO. 1:05-cv-01248-LJO-GSA PC

ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE HEARING ON DEFENDANTS' MOTION TO DISMISS PENDING DISCOVERY

(Doc. 35)

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING ACTION FOR FAILURE TO EXHAUST, WITHOUT PREJUDICE

(Doc. 31)

I.    <u>Procedural History</u>

Plaintiff Carlos Hendon ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law.  This action is proceeding on plaintiff's amended complaint, filed July 11, 2006, against defendants Calderon, Duran, Bowan, Jordan, and Reed ("defendants") for violation of the Eighth Amendment, and under California law for negligence, and assault and battery.  On August 10, 2007, defendants filed a motion to dismiss for failure to exhaust.  (Doc. 31.)  Plaintiff filed an opposition and a motion to continue defendants' motion to dismiss pending discovery on September 4, 2007.[1]  (Docs. 33, 34,

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on March 28, 2007.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 24.)

1    ///

2    35, 37.) Defendants filed a reply on September 18, 2007, and on September 21, 2007, plaintiff filed

3    an amended declaration, which the Court will consider.  (Docs. 38, 39.)

4    II.    Plaintiff's Motion to Continue Motion to Dismiss Pending Discovery

5            In addition to opposing defendants' motion to dismiss on September 4, 2007, plaintiff filed

6    a motion seeking to continue defendants' motion to dismiss pending discovery.  (Doc. 35.)  Pursuant

7    to the Court's standard practice in actions such as this, discovery is not yet open and the Court must

8    therefore consider whether plaintiff's position that he cannot yet oppose the motion without

9    discovery has any merit.

10           Treating plaintiff's motion as the Court would a motion to continue brought pursuant to

11   Federal Rule of Civil Procedure 56(f), plaintiff "is entitled to relief only if he shows, among other

12   things, that the discovery would uncover specific facts which would preclude . . . judgment."  U. S.

13   Cellular Inv. Co. of Los Angeles, Inc. v. GTE Mobilnet, Inc., 281 F.3d 929, 939 (9th Cir. 2002).

14   Plaintiff is required to show "in affidavit form the specific facts that [he] hope[s] to elicit from

15   further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential'

16   to resist the . . . motion."   State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998).

17   "References in memoranda and declarations to a need for discovery . . ." are insufficient.  Id.

18   (internal quotations and citation omitted).  Plaintiff is required to submit an affidavit or declaration

19   "setting forth the specific facts expected from further discovery," and the failure to comply with

20   these requirements is grounds for denial of the motion.  Id.  The burden is on plaintiff to set forth

21   "sufficient facts to show that the evidence sought exists . . . ."  Employers Teamsters Local Nos. 175

22   and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (internal quotations

23   and citation omitted).

24           Plaintiff's motion is not sufficient to support a request for continuance of defendants' motion

25   to dismiss pending discovery, as it not accompanied by an affidavit or declaration.  Further, the

26   discovery plaintiff seeks is the production of grievances filed by other inmates regarding the use of

27   pepper spray at CCI.  Plaintiff asserts that the evidence will show prison officials were placed on

28   notice regarding the problem.  Evidence of other inmates' grievances will not preclude judgment.

Plaintiff is required to exhaust his claims and whether or not other inmates filed similar grievances is not relevant.  Therefore, plaintiff's motion to continue defendants' motion to dismiss pending discovery is denied.

III.   Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

IV.   Defendants' Motion to Dismiss for Failure to Exhaust

A.   Section 1983 Claims

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal

level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

The Eighth Amendment claims at issue in this action allegedly accrued between June 5, 2002, and approximately March 27, 2003, and are alleged as ongoing violations rather than as distinct, separate incidents.  Plaintiff's claims arise from the use of pepper spray in plaintiff's housing unit and the failure to provide adequate medical attention to plaintiff during incidents in which he was affected by the vapors.

Defendants argue that plaintiff did not exhaust his Eighth Amendment claims against them. In support of their motion, defendants submit evidence that plaintiff filed one grievance concerning his exposure to pepper spray.  (Doc. 31-3, Sampson Dec., ¶¶6, 7; Grannis Dec., ¶¶3, 4; Ex. D.)  The grievance was accepted for review but plaintiff did not pursue the appeal to the third and final level of review after it was denied at the second level on November 11, 2003.  (Id.)  Evidence that plaintiff did not pursue his one grievance to the final level of review, and the absence of any record of any other relevant appeals is sufficient for defendants to meet their burden as the parties moving for dismissal.  The burden therefore shifts to plaintiff to set forth evidence that exhaustion occurred.

In his opposition, plaintiff argues that prison officials prevented him from utilizing the appeals process by failing to respond to his numerous grievances and thereby rendered the administrative remedies unavailable.[2]

"[Proper] exhaustion of administrative remedies is necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's deadlines and

---

[2] Arguments or contentions set forth in a responding brief do not constitute evidence.  See Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence). Because plaintiff's opposition itself is not verified, it does not constitute evidence.  Moran v. Selig, 447 F.3d 948, 759-60 (9th Cir. 2006).  The only evidence before the Court is plaintiff's declaration attached to the opposition and two amended declarations.

1    other critical procedural rules . . . ," id. at 2386.  The Court is mindful that the failure to respond to

2    a properly filed grievance may result in a finding that exhaustion occurred.  Abney v. McGinnis, 380

3    F.3d 663, 667 (2d 2004) (inability to utilize inmate appeals process due to prison officials' conduct

4    or the failure of prison officials to timely advance appeal may justify failure to exhaust); Lewis v.

5    Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy

6    becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001)

7    (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed

8    to respond to grievance); see also Brown v. Valoff, 422 F.3d 926, 943 n.18 (9th Cir. 2005).

9         However, plaintiff submitted a grievance concerning his exposure to pepper spray which was

10   accepted for review and denied at the second level of review on November 11, 2003.  Plaintiff could

11   have and should have pursued that grievance to the third and final level of review in order to satisfy

12   the exhaustion requirement.  Plaintiff has not submitted any evidence demonstrating he exhausted

13   his accepted grievance through the final level of review or any evidence excusing his failure to do

14   so.  Plaintiff's bare assertion that he filed numerous grievances which were ignored does not shield

15   plaintiff from the consequences of his failure to pursue his accepted grievance through the final level

16   of appeal.  Defendants are entitled to dismissal of the Eighth Amendment claims against them.

17              B.    State Law Claims

18        In addition to his federal claims for violation of the Eighth Amendment, plaintiff alleges state

19   law tort claims.  California's Tort Claims Act requires that a tort claim against a public entity or its

20   employees be presented to the California Victim Compensation and Government Claims Board,

21   formerly known as the State Board of Control and still referred to herein as the State Board of

22   Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

23   911.2, 945.4, 950-950.2 (West 2007).  Presentation of a written claim, and action on or rejection of

24   the claim are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32

25   Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub.

26   Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee,

27   a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at

28   1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los

1   Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

2         In his complaint, plaintiff alleges the time has expired for the State Board's response to his

3   tort claim. (Doc. 12, pg. 3, ¶7.)  In their motion to dismiss, defendants present evidence that plaintiff

4   did not file a claim with the board between June 2002 and May 2007.  (Doc. 31-3, Ex. C.)  In his

5   opposition, plaintiff attests that he filed claims with the Board but received no response so the claims

6   have been deemed rejected.  (Hendon Decs., Docs. 34, 37, 39.)

7         Plaintiff offers only a vague, general assertion that he filed claims with the Board.  Plaintiff

8   has submitted no evidence demonstrating that he filled out the correct form and mailed it to the

9   proper entity within the applicable time frame.[3]  Therefore, defendants are entitled to dismissal of

10  plaintiff's state law tort claims.[4]

11  V.    Conclusion

12         Based on the foregoing, it is HEREBY ORDERED that:

13         1.    Plaintiff's motion to continue defendants' motion to dismiss pending discovery, filed

14               September 4, 2007, is DENIED;

15         2.    Defendants' motion to dismiss for failure to exhaust, filed August 10, 2007, is

16               GRANTED; and

17         3.    This action is dismissed in its entirety, without prejudice, for failure to exhaust.

18

19  IT IS SO ORDERED.

20  **Dated:    October 15, 2007          /s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

_____

27  [3] Plaintiff's declaration attesting to these specific facts, which should be within plaintiff's personal knowledge, would have sufficed.  However, plaintiff's declarations contain only vague assertions of compliance.

28  [4] The Court declines to dismiss the tort claims with prejudice, as requested by defendants.